### GREER v. SCOFIELD, Collector of Internal Revenue.
### Civil Action No. 419.

United States District Court
W. D. Texas, Austin Division.

Feb. 3, 1950.

Wright Matthews, Dallas, Tex., for plaintiff.

H. W. Moursund, United States Attorney, San Antonio, Tex., Theron Lamar Caudle, Assistant Attorney General; Andrew D. Sharpe, and Benjamin H. Pester, Special Assistants to the Attorney General, for defendant.

RICE, Jr., District Judge.

This case arises under the Internal Revenue Code, and, more particularly, under Sections 22(k) and 23(u) thereof, 26 U.S. C.A. §§ 22(k), 23(u). It involves income taxes, together with interest, paid by plaintiff for the calendar years 1943 and 1944, and claimed by plaintiff as refundable to him in claims for refund duly filed by him with defendant. The amounts claimed by plaintiff as refundable to him by defendant for the years 1943 and 1944 are the amounts of $6,586.87 and $4,914.24, respectively. The only issue in the case is whether certain payments made by plaintiff to his former wife during the years 1942, 1943 and 1944 constitute allowable deductions to plaintiff in the computation of his income taxes for the years 1943 and 1944, under the provisions of Sections 22(k) and 23(u), Internal Revenue Code.

### Findings of Fact

1. Plaintiff, Dr. David Greer, and his former wife, Mrs. Ruth Phillips Greer, both at all times pertinent hereto residents of Harris County, Texas, were married during the year 1921. At some date prior to May 7, 1942, Dr. Greer and Mrs. Ruth Phillips Greer separated and at said date they were living apart with the intention of remaining permanently separated and abandoning the relationship of husband and wife. Prior to May 7, 1942, Mrs. Greer had instituted, in the District Court of Harris County, Texas, an action against plaintiff for a divorce and for partition of the community estate of the parties.

2. The suit for divorce by Mrs. Ruth Phillips Greer against plaintiff was heard by the Judge of the 55th Judicial District Court of Harris County, Texas, on May 7, 1942; and on said date the divorce was granted and the decree of divorce entered.

3. After the parties separated and were living apart with the intention of remaining permanently separated and abandoning the relationship of husband and wife, but prior to the granting of the divorce and during the pendency of the divorce proceedings, plaintiff and Mrs. Ruth Phillips Greer entered into discussions and negotiations looking toward a settlement of their property rights and other matters, and reached an agreement with respect thereto.

4. The agreement which had been reached by the parties to the divorce action was reduced to writing; and, on May 7, 1942, before the suit for divorce was heard, this written agreement was executed by Dr. David Greer and Mrs. Ruth Phillips Greer.

5. Upon the hearing of the action for divorce, the written agreement executed by the parties was shown and explained to the Court; the divorce decree took notice of and referred to said written agreement; and said written agreement was in fact incident to the divorce granted on May 7, 1942.

6. The written agreement entered into by plaintiff and his former wife on May 7, 1942, set forth and listed their community estate; made a division and partition of said community estate between the parties; provided for the custody and maintenance of their two minor children; obligated plaintiff herein to pay the attorneys' fees and court costs of the divorce suit and property settlement; made provision for the payment of income taxes for the year 1941 and that part of 1942 prior to May 7, 1942, as well as for income and other taxes for subsequent periods; and provided, in addition, that plaintiff would make certain monthly payments to Mrs. Ruth Phillips Greer, which were to cease in the event of her remarriage. These payments were in addition to the share in the community property to which Mrs. Greer was entitled, and Dr. Greer, in obligating himself to make these payments, was actuated by the desire to provide support for his wife and to enable her to maintain a home for his minor children.

7. In the division and partition of community property made in the written agreement of May 7, 1942, Mrs. Ruth Phillips Greer received at least one-half in value of said property.

8. Under the terms of the written agreement of May 7, 1942, plaintiff was obligated to make monthly payments to his former wife, beginning with the month of May 1942 and continuing thereafter so long as she remained unmarried, which legal obligation was incurred by plaintiff because of the marital relationship.

9. Plaintiff's former wife, Mrs. Ruth Phillips Greer, not having remarried, plaintiff made monthly payments to her, subsequent to their divorce and pursuant to the provisions of the written agreement of May 7, 1942, in total annual amounts as follows:

| Year 1942 | $4,000.00 |
| Year 1943 | 7,365.16 |
| Year 1944 | 6,200.00 |

10. No part of the monthly payments provided in the written agreement of May 7, 1942, and paid by plaintiff as set forth above during the years 1942, 1943 and 1944, was expressly fixed by said written agreement, in terms of an amount of money or a portion of such payments, as a sum which was payable for the support of the minor children of the plaintiff.

11. The written agreement of May 7, 1942, entered into by plaintiff and his former wife, did not state or set forth, in terms of money or property, any principal sum which was to be discharged by the monthly payments therein provided to be made by plaintiff to his former wife; and the payments made by plaintiff to his former wife during the years 1942, 1943 and 1944 were periodic payments and not installment payments on any principal sum.

12. Plaintiff deducted the payments made to his former wife, Mrs. Ruth Phillips Greer, during the years 1942, 1943 and 1944, in his income tax returns for those respective years.

13. Due to the forgiveness feature of the Current Tax Payment Act of 1943, § 6, 26 U.S.C.A. § 1622 note, relative to the year 1942, the payments made by plaintiff to his former wife during the year 1942 become involved in the determination of his income tax liability for the year 1943 instead of for the year 1942.

14. Plaintiff's income tax returns for the years 1943 and 1944 were timely filed with, and the tax shown therein paid to, the defendant, Collector of Internal Revenue.

15. Subsequent to the filing of plaintiff's income tax returns for the years 1943 and 1944, the Commissioner of Internal Revenue determined that plaintiff owed additional income taxes of $5,502.94 and $4,322.22 for said years, respectively, which amounts were duly assessed.

16. The amounts of additional taxes assessed against plaintiff for the years 1943 and 1944, in the amounts of $5,502.94 and $4,322.22, respectively, together with interest on said taxes in the respective amounts of $1,083.93 and $592.02, were paid to the defendant, Collector of Internal Revenue, on July 28, 1947.

17. The entire amounts of the additional taxes and interest so assessed and paid for the years 1943 and 1944 resulted from the disallowance by the Commissioner of Internal Revenue of deductions by plaintiff in his income tax returns for the monthly payments made by plaintiff to his former wife during the years 1942, 1943 and 1944, in the respective amounts of $4,000.00, $7,365.16 and $6,200.00.

18. Plaintiff timely filed claims for refund with defendant for the entire amounts of additional income taxes and interest paid on July 28, 1947, for the years 1943 and 1944 in the respective amounts of $6,586.87 and $4,914.24; which claims for refund were disallowed in full by the Commissioner of Internal Revenue.

19. There was probable cause for the acts done by defendant, Frank Scofield, Collector of Internal Revenue, acting pursuant to the orders and directions of the Commissioner of Internal Revenue.

Conclusions of Law

1. The provisions of the written agreement of May 7, 1942, for monthly payments by plaintiff to his former wife constituted,

under the laws of Texas, a legal obligation upon plaintiff to make such payments; and the payments made by Dr. Greer were received by his former wife in discharge of such legal obligation which was incurred by the plaintiff because of the marital relationship and under a written instrument incident to the divorce; and

2. The payments made by plaintiff to his former wife during the years 1942, 1943 and 1944, as set forth in the Findings of Fact above, were allowable deductions to plaintiff in the computation of his income taxes for the years 1943 and 1944, under the provisions of Sections 22(k) and 23(u), Internal Revenue Code; and

3. By reason of the probable cause for the acts of the defendant or other officials of the Treasury Department, as found by the Court, the judgment to be entered herein, upon becoming final, shall be provided for and paid out of the proper appropriation from the Treasury of the United States.